**BORING & TUNNELING COMPANY OF AMERICA, INC., Petitioner,**

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and Raymond J. Donovan, Secretary of Labor, Respondents.**

No. 81–4284
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 22, 1982.

---

**14**

W. Kyle Gooch, Dallas, Tex., for petitioner.

Earl R. Ohman, Jr., Nicholas T. Kuzmack, Washington, D. C., T. Timothy Ryan, Jr., Sol. of Labor, Domenique Kirchner, U. S. Dept. of Labor, Washington, D. C., for respondents.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

PER CURIAM:

Boring & Tunneling Company (B&T) was a subcontractor engaged in a construction project in Fort Worth, Texas. Pursuant to contract it was boring a sixty-inch diameter hole under a roadway. Trenches were dug on each side of the roadway so that the boring could take place.

On April 8, 1980, a compliance officer under the Occupational Safety and Health Act made an inspection of the worksite. He clearly was well qualified, holding a bachelor's degree in architectural engineering and having had special training in soil mechanics. He had fifteen years experience, including five as a safety engineer for the State of Texas and almost five as a compliance officer under OSHA.

As a result of his inspection, the Secretary of Labor issued a citation for serious violation against B&T under Section 5(a)(2) of the Act because of a lack of shoring, sheeting, bracing, or other support of the walls of one of the trenches. The evidence showed that the trench was not being regularly used at the time of the inspection, but that the day before the inspection two employees had been in the trench for approximately two minutes to attach a six-inch reamer to a drill stem. We dispose of one issue summarily at this point. No matter how short the exposure to possible hazards in this trench, if there was a hazard the citation was justified. There is nothing in the statute which authorizes only a brief exposure to excuse an established danger.

The citation issued by the Secretary on April 23, 1980, gave a careful evaluation of the strata of earth in the trench walls, asserting that the top layer was fill material, dirt and rocks to a depth of six to eight feet, the second layer was natural soil removed from the surrounding higher areas which had a depth of one to two feet, and the bottom layer was shale and clay which started approximately nine feet from the top of the trench and extended to the bottom of the trench. The trench itself was about twenty feet deep and had water standing in it to the depth of one foot. The compliance officer found that the seepage of water, the looseness of the soil, the inadequacy of the slope, and the nearby traffic vibration combined to create the dangerous condition of possible collapse of the trench walls. On the basis of this inspection the Secretary's citation proposed a $560 penalty.

On May 6, 1980, Boring & Tunneling timely filed its notice of contest, 29 U.S.C. § 659(c). No actual complaint was filed by the Secretary. The Secretary was relying upon a commission decision, *IMC Chemical Group, Inc.,* 1978 CCH OSHD ¶ 23,149 (Review Comm. 1978), *rev'd on other grounds,* 635 F.2d 544 (6th Cir. 1980), which held that if a citation gave adequate notice, a complaint was not necessary.

On July 28, 1980, the administrative law judge entered an order stating that the citation would stand as a complaint, and that since the citation gave B&T adequate notice of the claim against it, there was no prejudice against B&T.

On August 11, 1980, B&T filed its motion to dismiss, alleging the Secretary's failure to file a complaint violated Commission

Rule 33(a)(1), 29 C.F.R. § 2200.33(a)(1), but making no specific claim of prejudice. On August 18, 1980, the Secretary responded to the motion stating that the Commission's decision and the judge's order allowed the citation to serve as a complaint and stated that dismissal was not proper since the company had made no showing of prejudice.

On September 30, 1980, the Review Commission issued its decision in *ASARCO, Inc.*, 1980 CCH OSHD ¶ 24,838 (Review Comm. 1980), overruling *IMC Chemical* and holding that the filing of a complaint by the Secretary is mandatory under Commission Rule 33(a) and that the administrative law judges do not have the authority to waive the requirement.

After the *ASARCO* decision, the Secretary on October 22 filed his motion for leave to file the complaint out of time. On October 31, 1980, a second administrative law judge now assigned the case, accepted the complaint and rejected B&T's claim of prejudice. B&T's motion to dismiss for earlier failure of the Secretary to file a complaint was denied. A hearing on the merits was held on November 3, 1980. At the hearing B&T argued the trench was dug in rock or shale and that no other means of support was required. The Secretary's evidence is detailed above. On May 28, 1981, the administrative law judge issued a decision affirming the alleged serious violation and reducing the penalty to $200. The judge also reaffirmed his finding that B&T was not prejudiced by the Secretary's late filing of the complaint. B&T subsequently petitioned the Commission for discretionary review which was denied by the Commission's final order on June 29, 1981. B&T filed its timely petition to this Court on July 27, 1981.

The critical contention of B&T is that during the period between May 26, 1980, the last date upon which the original complaint should have been filed, and the July 28, 1980, hearing, the company had completed its work and the trenches on the construction project in question had been filled. Petitioner asserts that during this two-month period the failure to file a complaint

indicated that the claim was being abandoned. In turn this meant that B&T made no special analysis nor gathered soil samples from the sides of the trench or other scientific evidence to assist in the defense of the citation. By July 28, 1980, the job was done and the trench was filled in.

The administrative law judge found, however, that the careful testimony of the compliance officer should be credited and not the more casual testimony of defendant's witnesses. The judge found that the trench was unstable and should have been sheeted or protected. The administrative law judge rejected B&T's "generalized assertions of prejudice" as inadequate for dismissing the charges.

B&T's claim that it was prejudiced by the failure to file a complaint by the Secretary is revealed by the record to be in the nature of an after-thought. B&T had every right to challenge the failure of the Secretary to file a complaint. But the law of the agency at that time did not require the Secretary to file a complaint if the citation constituted adequate notice.

■ Because the law of the agency at the critical time did not require a complaint in this case, it was clearly unreasonable for B&T to conclude that the Secretary had dropped the case in the short two-month period between the last day for filing a complaint and the hearing of the administrative law judge. In challenging the fact that no complaint had been filed, B&T was acting under an agency holding which had created the cause for its challenge. It is difficult to conclude that it was unaware of the nature of the legal posture of the case during that two-month period.

■ The crucial point is that the company does not and almost certainly could not successfully claim prejudice based upon lack of notice caused by an inadequate citation. Its claim of prejudice is based solely upon the failure of the Secretary to file a complaint, causing it to assume through a two-month period that the Secretary had dropped the case. With its own motions pending, in this short period such a conclu-

sion would be rash even absent any further factors. But here, in addition, in the critical two-months period when B&T was completing the project and filling the trench, it knew not only of the citation and that it had its motion of contest pending, it also knew, we must presume, that under the law of the agency at the time it was not necessary for the Secretary to file a complaint. These facts cannot support a conclusion that B&T was justified in assuming the Secretary had dropped the case.

We conclude that the administrative law judge and the Occupational Safety & Health Review Commission were correct in deciding that B&T did not establish a claim of prejudice.

Finding no error in the proceedings below, the decision of the OSHRC is

AFFIRMED.